EXHIBIT 1

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CAUSE NO. CL-14-2677-F

| | | |
|---|---|---|
| MICHAEL FLORES<br>Plaintiff, | § § § | IN THE COUNTY COURT AT LAW |
| V. | § § | NO. ___ |
| PRIME HEALTHCARE SERVICES,<br>INC. AND KNAPP MEDICAL CENTER | § § § | |
| Defendants. | § § | OF HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MICHAEL FLORES, hereinafter called Plaintiff, complaining of and about PRIME HEALTHCARE SERVICES, INC. and KNAPP MEDICAL CENTER, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, MICHAEL FLORES, is an Individual residing in Hidalgo County, Texas.

3. Defendant PRIME HEALTHCARE SERVICES, INC., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT CORP., at 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

CL-14-2677-F

4. Defendant KNAPP MEDICAL CENTER, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT CORP., at 1999 Bryan Street, "S"ute. 900, Dallas, TX 75201-3136, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

    a. monetary relief over $200,000 but not more than $1,000,000.

    b. Plaintiff limits his claims to monetary relief to the jurisdictional limits of this Court.

7. This court has jurisdiction over Defendant PRIME HEALTHCARE SERVICES, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over PRIME HEALTHCARE SERVICES, INC. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendant PRIME HEALTHCARE SERVICES, INC. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

9. Furthermore, Plaintiff would show that Defendant PRIME HEALTHCARE SERVICES, INC. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

10. Defendant PRIME HEALTHCARE SERVICES, INC. maintains an office in Weslaco, TX for its health care operations and services in Texas.

11. Venue in Hidalgo County is proper in this cause.

## NATURE OF ACTION

12. This is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, specifically Section 21.055 to correct unlawful employment practices on the basis of retaliation.

## CONDITIONS PRECEDENT

13. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is brought within two years of the date the complaint relating to the action was filed.

## FACTS

14. In late summer 2012, Plaintiff was re-negotiating his contract for physician services with Defendants. Plaintiff vigorously and deliberately elaborated his concerns about the contract proposed by Defendants specifically addressing the shortcomings of hospital-clinic operations and deficiencies of patient treatment as well as the inequities and over-reaching in the proposed contract offered by Defendants for the continued employment of Plaintiff.

Case 7:14-cv-00859 Document 1-4 Filed in TXSD on 10/03/14 Page 5 of 14

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

This communication sowed the seeds for a campaign of retaliation and spiteful vengeance perpetrated by Defendants on Plaintiff culminating in Plaintiff's termination of employment in August 2013. This wrongful act resulted from a botched and bungled investigation of narcotic drug handling procedures at the Elsa clinic in which the Plaintiff was performing his contracted services. In June/July 2013, incidents occurred in which narcotics and dangerous drugs were found to be missing and, on one occasion, a break-in occurred in which it was discovered that narcotics and dangerous drugs were apparently taken. An internal investigation was initiated by Defendants' personnel. The investigation incredulously concluded that Plaintiff was involved or responsible for the incident and the missing narcotics and dangerous drugs even though the Elsa police investigation determined that Plaintiff could not be involved because he was attending the cinema with his wife on the date and hour of the break in.

Nonetheless, Defendants used this incident as a basis for terminating Plaintiff from his employment contract which was in direct contravention to the terms of the contract. Thereafter, Defendants acting through their employees, have impaired the use of Plaitiff's personal provider numbers (the identification numbers by which Plaintiff bills for his medical services). Further, Defendants have informed other providers in the community with personal and private information that has resulted in Plaintiff losing income opportunities with other medical facilities.

## RETALIATION

15. Defendant, PRIME HEALTHCARE SERVICES, INC., committed unlawful employment practices against Plaintiff because Plaintiff engaged in activity protected under the Tex. Health & Safety Code § 161.134(a).

PLAINTIFF'S ORIGINAL PETITION                                                                 page 4

Case 7:14-cv-00859 Document 1-4 Filed in TXSD on 10/03/14 Page 6 of 14

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

16. The effect of the practices complained of above has been to deprive Plaintiff of qual employment opportunities, and otherwise adversely affect his status as an employee, because of his engagement in a protected activity.

17. Plaintiff would show that the retaliatory actions taken against him were motivated by Plaintiff filing a complaint and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful medical service practices.

18. Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

19. Whenever in this petition it is alleged that the Defendant, PRIME HEALTHCARE SERVICES, INC., did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY PRIME HEALTHCARE SERVICES, INC.

20. Defendant PRIME HEALTHCARE SERVICES, INC., intentionally or recklessly initiated a witch hunt to discredit Plaintiff's medical reputation and embarked upon a systematic plan to terminate his contractual position of employment with Defendant. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY KNAPP MEDICAL CENTER

21. Defendant KNAPP MEDICAL CENTER, intentionally or recklessly knowingly participated with Defendant PRIME HEALTH CARE SERVICES, INC. to initiate a witch hunt to discredit Plaintiff's medical reputation and embarked upon a systematic plan to terminate his contractual position of employment with Defendant. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## MALICIOUS CIVIL PROSECUTION BY PRIME HEALTHCARE SERVICES, INC.

22. A civil proceeding against Plaintiff was instituted or continued by or at the insistence of Defendant PRIME HEALTHCARE SERVICES, INC.. Defendant acted with malice and without probable cause in instituting the proceeding. Plaintiff suffered damages or was injured as a result. Plaintiff suffered damages for which Plaintiff herein sues.

## MALICIOUS CIVIL PROSECUTION BY KNAPP MEDICAL CENTER

23. A civil proceeding against Plaintiff was instituted or continued by or at the insistence of Defendant KNAPP MEDICAL CENTER. Defendant acted with malice and without probable cause in instituting the proceeding and Plaintiff suffered damages or was injured as a result. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENCE BY PRIME HEALTHCARE SERVICES, INC.

24. Defendant PRIME HEALTHCARE SERVICES, INC., owed a legal duty of to conduct an investigation of Plaintiff's activities pertaining to allegations of controlled substance management and dispensing. Defendant breached this duty which

PLAINTIFF'S ORIGINAL PETITION                                                                 page 6

Case 7:14-cv-00859   Document 1-4   Filed in TXSD on 10/03/14   Page 8 of 14

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

proximately caused injury to Plaintiff. Although proven by a police investigation, that Plaintiff was not, and could not, have been involved in allegations of missing controlled substances in the Elsa clinic, Defendant ignored this overwhelming evidence and alleged that Plaintiff was responsible for missing drugs when by the exercise of reasonable care, Defendant, knew, or should have known, that Plaintiff was not responsible. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## NEGLIGENCE BY KNAPP MEDICAL CENTER

25. Defendant KNAPP MEDICAL CENTER, owed a legal duty of to conduct an investigation of Plaintiff's activities pertaining to allegations of controlled substance management and dispensing. Defendant breached this duty which proximately caused injury to Plaintiff. Although proven by a police investigation, that Plaintiff was not, and could not, have been involved in allegations of missing controlled substances in the Elsa clinic, Defendant ignored this overwhelming evidence and alleged that Plaintiff was responsible for missing drugs when by the exercise of reasonable care, Defendant, knew, or should have known, that Plaintiff was not responsible. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY PRIME HEALTHCARE SERVICES, INC.

26. Plaintiff alleges that the conduct of Defendant PRIME HEALTHCARE SERVICES, INC., constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant PRIME HEALTHCARE SERVICES, INC., did not properly screen, evaluate, investigate, or take any reasonable steps to determine

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

whether those persons investigating the internal allegations against Plaintiff concernin was unfit, incompetent, or a danger to third parties. Defendant PRIME HEALTHCARE SERVICES, INC., knew or should have known that those persons investigating the internal allegations against Plaintiff concernin was unfit and could foresee that those persons investigating the internal allegations against Plaintiff concernin would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant PRIME HEALTHCARE SERVICES, INC.'s failure to exercise reasonable care in the hiring, supervision, training and retention of those persons investigating the internal allegations against Plaintiff concernin was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY KNAPP MEDICAL CENTER

27.   Plaintiff alleges that the conduct of Defendant KNAPP MEDICAL CENTER, constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant KNAPP MEDICAL CENTER, did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether those persons investigating the internal allegations against Plaintiff concernin was unfit, incompetent, or a danger to third parties. Defendant KNAPP MEDICAL CENTER, knew or should have known that those persons investigating the internal allegations against Plaintiff concernin was unfit and could foresee that those persons investigating the internal allegations against Plaintiff concernin would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant KNAPP MEDICAL CENTER's failure to exercise reasonable care in the hiring, supervision, training and retention of those persons

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

investigating the internal allegations against Plaintiff concernin was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

### SLANDER BY PRIME HEALTHCARE SERVICES, INC.

28. Defendant PRIME HEALTHCARE SERVICES, INC., orally made a false statement of fact referring to Plaintiff which injured Plaintiff's business reputation and imputed a crime against Plaintiff. This was done negligently. Plaintiff suffered damages for which Plaintiff herein sues.

### SLANDER BY KNAPP MEDICAL CENTER

29. Defendant KNAPP MEDICAL CENTER, orally made a false statement of fact referring to Plaintiff which injured Plaintiff's business reputation and imputed a crime against Plaintiff. This was done negligently. Plaintiff suffered damages for which Plaintiff herein sues.

### TORTIOUS INTERFERENCE WITH CONTRACT BY PRIME HEALTHCARE SERVICES, INC.

30. Plaintiff alleges that there was a contract or contractual relationship between Plaintiff and Retama Medical Center Weslaco that was subject to interference. Plaintiff alleges that Defendant PRIME HEALTHCARE SERVICES, INC., willfully and intentionally interfered with this contract and such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

### TORTIOUS INTERFERENCE WITH CONTRACT BY KNAPP MEDICAL CENTER

31. Plaintiff alleges that there was a contract or contractual relationship between Plaintiff and Retama Medical Center Weslaco that was subject to interference. Plaintiff alleges that Defendant KNAPP MEDICAL CENTER, willfully and intentionally

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

interfered with this contract and such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP BY PRIME HEALTHCARE SERVICES, INC.

32. Plaintiff alleges that Defendant PRIME HEALTHCARE SERVICES, INC., tortiously interfered with a prospective business relationship between Plaintiff and Retama Medical Center Weslaco. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant PRIME HEALTHCARE SERVICES, INC., willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP BY KNAPP MEDICAL CENTER

33. Plaintiff alleges that Defendant KNAPP MEDICAL CENTER, tortiously interfered with a prospective business relationship between Plaintiff and Retama Medical Center Weslaco. Plaintiff alleges that there was a reasonable probability of success in the business relationship. Defendant KNAPP MEDICAL CENTER, willfully and intentionally interfered with said prospective business relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

## DAMAGES

34. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

a. all contractual benefits lost due to the wrongful and retaliatory acts of Defendants;

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Expert fees as the Court deems appropriate;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Inconvenience;

i. Pre and Post judgment interest;

j. Loss of enjoyment of life;

k. Mental anguish in the past;

l. Mental anguish in the future;

m. Loss of earnings in the past;

PLAINTIFF'S ORIGINAL PETITION    page 11

Case 7:14-cv-00859   Document 1-4   Filed in TXSD on 10/03/14   Page 13 of 14

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

n.  Loss of benefits;

o.  Loss of use of private facts;

p.  Cost of defending medical board allegations; and

q.  Injury to reputation.

## EXEMPLARY DAMAGES

35.  Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Texas civil statutes and the common law of the State of Texas.

## SPECIFIC RELIEF

36.  Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

a.  Prohibit by injunction the Defendants from engaging in unlawful employment practices as defined in Texas law; and

b.  Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendants.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MICHAEL FLORES, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against

Accepted by: Venette Castillo

Electronically Submitted
6/20/2014 11:50:07 AM
Hidalgo County Clerks Office

CL-14-2677-F

Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, excluding interest, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
JAMES P. GRISSOM
Texas Bar No. 08511900
Email: jpglawyer01@gmail.com
1111 WEST NOLANA AVE.
SUITE M
McALLEN, TX 78504
Tel. (956) 994-1127
Fax. (888) 400-6407
Attorney for Plaintiff
MICHAEL FLORES

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**